IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORI C. FEIBUSH AND OCF HOLDINGS, LLC,<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>KENYATTA JOHNSON, PHILADELPHIA LAND BANK AND CITY OF PHILADELPHIA,<br>　　　　Defendants. | CIVIL ACTION<br><br><br><br>NO. 17-3134 |

## OPINION

Defendant, Philadelphia City Councilman Kenyatta Johnson, moves to stay discovery against him and co-defendants Philadelphia Land Bank and the City of Philadelphia pending the outcome of his motion to dismiss based on a defense of qualified immunity. Johnson has raised his objections to participating in discovery at a Preliminary Pretrial Conference, in letters to the Court, in a discovery conference call, and presently in a Motion to Stay Discovery. For the reasons outlined below, Johnson's Motion to Stay Discovery shall be denied.

**I.　　FACTS**

At this stage in the litigation, only a brief recitation of the facts is necessary. Plaintiff Ori C. Feibush and his company, OCF Holdings, LLC, assert that Johnson improperly asserted himself into the Philadelphia Land Bank's approval process concerning a proposal to develop a parcel of land at 1138-42 S. 20th Street in Philadelphia, Pennsylvania, in order to prevent Plaintiffs from winning the bid.

Defendants Johnson, the City of Philadelphia, and the Philadelphia Land Bank each moved to dismiss claims against them. Johnson, alone, has asserted a defense of qualified immunity as part of his motion to dismiss. At the urgent request of Johnson's counsel during the

Rule 16 conference, given the outstanding issue of whether Johnson was protected by qualified immunity, the Court issued a Scheduling Order prohibiting Plaintiffs from taking the deposition of Johnson until after resolution of the motion. Plaintiff had already served three interrogatories requesting simple answers such as the Councilman's phone number. In view of the insignificant burden of responding to those the interrogatories, the Court permitted those requests. It did, however, instruct Plaintiffs not to serve any additional discovery on Johnson until a decision on the motion.

Subsequently, Plaintiffs subpoenaed Johnson's cell phone company. Johnson requested a discovery conference call to quash the discovery request, which was scheduled on November 21, 2017. On that date, Johnson also filed a Motion to Stay Discovery against him as well as the other Defendants. On the conference call, counsel for Johnson requested an immediate stay of discovery. Defendant Johnson has since submitted a letter to the Court in yet further support of his request to stay discovery.

**II.      DISCUSSION**

The Federal Rules of Civil Procedure do not expressly provide for a stay of discovery, however, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket. . . . How this can be best done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A defense of qualified immunity is a weighty interest supporting an exercise of the court's discretion to stay discovery. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (concluding that "bare allegations of malice should not suffice to subject government officials [] to . . . broad-reaching discovery.").

Qualified immunity is "intended to protect officials from the potential consequences of suit, including distractions from official duties, inhibition of discretionary action, and deterrence of able people from public service." *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006). As such, the Supreme Court has explained that a government official who acts with qualified immunity is generally entitled to dismissal before the commencement of discovery. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985). The standard upon which to determine whether to stay discovery in these instances strongly favors staying discovery until the qualified immunity issue is resolved; however, the standard is permissive, leaving significant discretion to the district courts. The Court in *Mitchell* stated that "such pretrial matters as discovery are to be avoided *if possible*." *Id.* at 526 (emphasis added). Contrary to Defendant Johnson's position, the Supreme Court has not articulated a categorical bar against discovery.[1]

Instead, a court must weigh the risk of prejudice and competing burdens when deciding whether to stay discovery. "[T]he trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense . . . so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998). Here, unlike in *Mitchell*, or any other case Defendant Johnson cites, Plaintiff has made claims against entities that have no defense of qualified immunity. Specifically, Plaintiff makes claims against both the City of Philadelphia and the Philadelphia Land Bank. Those claims will remain regardless of the outcome of Johnson's qualified immunity defense. Thus, a blanket stay against all defendants will merely delay discovery and potentially prejudice

---

[1] In fact, the Court has explicitly recognized that discovery may be necessary against a government official who invokes qualified immunity. "Discovery involving public officials is indeed one of the evils that *Harlow* aimed to address, but neither that opinion nor subsequent decisions create an immunity from *all* discovery. *Harlow* sought to protect officials from the costs of "broad-reaching" discovery, and we have since recognized that limited discovery may sometimes be necessary. . . ." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998). Harlow illustrates that Johnson's argument that the Supreme Court has articulated a categorical bar in these situations is incorrect.

3

Plaintiff. And even if Defendant Johnson is entitled to qualified immunity, he will still be subject to third party discovery requests given the nature of the allegations in the Complaint. Furthermore, the current discovery requests do not unduly burden Johnson. In this case, this Court has severely constrained discovery in order to eliminate these burdens. Plaintiff is not permitted to take Johnson's deposition or issue any further discovery requests to Johnson until the qualified immunity issue is decided. *See also Galarza v. Szalczyk*, 2012 WL 627917 (E.D. Pa. 2012) (refusing to grant stay of discovery where other claims will proceed regardless of the outcome of a qualified immunity defense and where defendants are not unduly burdened by discovery).

Johnson asserts that *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) requires a stay of discovery in the present matter against all defendants, including the Philadelphia Land Bank and the City of Philadelphia. The Court, in *Ashcroft,* stated that "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slated way that causes prejudice to their position." *Ashcroft*, 556 U.S. at 685. This dicta, found in the section of the Supreme Court's opinion dealing with appropriate pleading standards under Rule 8 of the Federal Rules of Civil Procedure, does not change the longstanding practice of leaving to lower courts the discretion to allow the parties to proceed with limited discovery. *See also Galarza*, 2012 WL 627917 at *2-*3 (observing that similar language from *Ashcroft* is dicta); *Seeds of*

*Peace Collective v. City of Pittsburgh*, 2010 WL 2990734, at *2 (W.D. Pa. 2010) (same); *Mendia v. Garcia*, 2016 WL 3249485 (N.D. Ca. 2016) (same).[2]

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

---

[2] Last, Johnson wrote a letter to the Court arguing that *Oliver v. Roquet,* 858 F.3d 180 (3d Cir 2017) compels the Court to stay discovery. He stated that "[s]ince the district court ordered discovery to commence before deciding whether the defendant had qualified immunity, the Third Circuit held that the defendant could immediately appeal such an order and that the district court's decision to permit discovery was an abuse of discretion." The Third Circuit, however, has held albeit in an unpublished decision that an order denying a motion to stay discovery pending resolution of a qualified immunity defense is not immediately appealable. *See Blake v. Government of Virgin Isl. Dep't of Hous. Parks, and Recreation*, 198 Fed. App'x 216 (3d Cir. 2006). In *Oliver*, the district court denied Defendants' Motion for Summary Judgment based on qualified immunity without prejudice to renew it following discovery. The Third Circuit held that, in doing so, the district court implicitly denied the defense of qualified immunity by ordering discovery. "[I]mplicit denial of the Appellants' immunity claims is sufficient to confer appellate jurisdiction." *Oliver*, 858 F.3d at 188. By contrast, this Court has not ruled on Johnson's qualified immunity defense. In fact, at Johnson's request, the Court scheduled oral arguments on this issue, which has delayed resolution of his motion to dismiss.

5