# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ORI C. FEIBUSH AND OCF HOLDINGS, LLC,** <br> Plaintiffs, <br><br> v. <br><br> **KENYATTA JOHNSON, PHILADELPHIA LAND BANK AND CITY OF PHILADELPHIA,** <br> Defendants. | CIVIL ACTION <br><br><br> NO. 17-3134 |

## MEMORANDUM OPINION

Philadelphia developer, Ori Feibush, and OCF-Holdings, LLC ("Plaintiffs") have sued Philadelphia City Councilman Kenyatta Johnson for intentionally sabotaging the bid of a third party affiliated with Plaintiffs to purchase certain public lands from the Philadelphia Land Bank. Plaintiffs allege various constitutional claims under 42 U.S.C. § 1983 against Johnson, the City of Philadelphia, and the Land Bank, as well as a state law claim for tortious interference against Johnson in his individual capacity. All three defendants have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims against them arguing, *inter alia*, that Plaintiffs lack standing.[1] For the reasons below, the Defendants' motions will be granted.

**I.    FACTS**

In September of 2016, the Philadelphia Land Bank issued a Request for Proposals ("RFP") whereby developers were invited to submit bids to build homes on publicly owned vacant lots in the Point Breeze neighborhood of Philadelphia. The RFP provided a detailed list of specifications. The RFP also described a procedure to evaluate proposals:

---

[1] Although Defendants move to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), their arguments concerning standing are best analyzed as a facial attack to jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). The distinction is merely technical because "a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Id.*

> Initially review of the proposals will be to determine compliance with the Proposal Submission Requirements. Only proposals that comply with these requirements will be considered for evaluation. If no proposal meets these requirements the Land Bank may allow all developers to supplement their submission to conform to these requirements.

Feibush contends, however, that the Land Bank did not follow this procedure, when it considered the bid of a company affiliated with him.

On October 16, 2016, OCF-Universal LP ("OCF Universal"), a nascent limited partnership affiliated with Feibush, submitted a proposal responsive to the RFP. The Complaint alleges that OCF-Holdings "was to be the general partner in OCF-Universal." The Complaint also alleges that Feibush was the sole member of OCF-Holdings and that "Plaintiffs intended to partner with Universal Companies. . . ."[2]

Feibush alleges that OCF-Universal submitted the only proposal that met the criteria of the RFP. In fact, an employee with the entity tasked with reviewing the proposals submitted in the RFP allegedly told Feibush that OCF-Universal's proposal was the only proposal to meet all the RFP's requirements, and it was the "objectively superior" proposal response. According to the RFP's stated procedure, Feibush contends that OCF-Universal should have received the bid. Instead, the Land Bank extended the RFP process by 90 days, allowing the winning bidder to revise its RFP so that the entity tasked with reviewing bids could allegedly "manufacture a basis for awarding the RFP" to an entity besides OCF-Universal. According to the Complaint, Johnson allegedly deliberately and intentionally sabotaged an award of the RFP to OCF-Universal because of Feibush's involvement with the proposal.

---

[2] Plaintiffs also state, in their opposition to Defendants' Motions to Dismiss: (1) that they intended to file a certificate of partnership on behalf of OCF-Universal with the Commonwealth of Pennsylvania; (2) that OCF-Universal was a special purpose limited partnership; and (3) that they did not file a certificate of limited partnership because the special purpose behind OCF-Universal evaporated when it lost its bid. However, these facts are outside of the four corners of the Complaint and therefore not properly considered in a motion to dismiss.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing a motion to dismiss legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination is made whether those facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). When a defendant makes a facial challenge to a party's standing to assert claims, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (internal quotations omitted).

## III. Discussion

As a preliminary matter, Defendants argue that Plaintiffs lack standing to bring claims arising out of OCF-Universal's failed RFP proposal. Article III standing requires a plaintiff to plead three elements: First, Plaintiffs must have suffered an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). Second, Plaintiffs must show that there is a "causal connection between the injury and the conduct complained of." *Id*. That is, the injury must be "fairly traceable" to the "challenged action of the defendant." *Id.* Third, Plaintiffs must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. at 561 (internal quotation marks omitted).

Plaintiffs have failed to demonstrate that they meet the first requirement of standing – "an invasion of a legally protected interest" – because Plaintiffs did not submit a bid for the RFP. In general, a non-bidder cannot assert claims based on the denial of another person's bid. *See, e.g. Do Little Corp.*, 2002 WL 32345947 at *4 (E.D. Pa. 2002) ("[T]he only plaintiff that has suffered 'an invasion of a legally protected interest' is Do Little, the corporate entity who bid on the Runway Road property."). As the Fifth Circuit explained in *Jayco Sys., Inc. v. Savis Bus. Machs. Corp.*, a non-bidder cannot challenge an award to a different entity because in those instances the non-bidder "simply seeks . . . to recover for someone else's injury." 777 F.2d 306, 316 (5th Cir. 1985). Article III standing requires Plaintiffs to bring an action for their own injury, and not someone else's. *See Lujan*, 504 U.S. at 561-62 ("[I]n order to establish standing . . . the plaintiff [must be] himself an object of the action (or forgone action) at issue."). According to the Complaint, OCF-Universal is the only party that submitted a bid for the Land Bank's RFP. Neither OCF Holdings nor Feibush, the two Plaintiffs in this matter, submitted a bid. Therefore, Plaintiffs, as non-bidders, have no standing to assert claims on behalf of OCF-Universal. Tellingly, Plaintiffs do not cite a single case finding that a non-bidder has standing to assert claims on another party's behalf.[3]

Plaintiffs argue that they nevertheless have standing under Federal Rule of Civil Procedure 17(a). The Rule permits a "party authorized by statute" to prosecute an action on

---

[3] The Supreme Court has recognized one exception to the rule that a non-bidder may not challenge an award of a bid to another entity, but it is inapplicable here. "When the government erects a barrier that makes it more difficult for members of one group to obtain a benefit that it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing." *Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993). Thus, in the context of a practice that prevents a class of individuals from winning a public contract, "the 'injury in fact' is the inability to compete on an equal footing in the bidding process, not the loss of a contract.'" *Id.* However, this line of jurisprudence is limited to situations alleging a policy of discrimination against a class of individuals. As in *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265 (1978), the case upon which *Northeast Florida* relies, this theory permits members of the disfavored class to challenge a discriminatory policy. This is not the case here because Plaintiffs have not alleged a policy of discrimination against a class of individuals; nor have they alleged standing as members of a disfavored class.

behalf of a "real party in interest" where the real party has standing. Fed. R. Civ. P. 17(a)(1)(G). Plaintiffs contend that OCF Holdings is authorized to bring this lawsuit on behalf of OCF-Universal under the Pennsylvania Uniform Partnership Act. The Pennsylvania Uniform Partnership Act provides that "[e]ach partner is an agent of the partnership for the purposes of its business" and "[a]n act of a partner . . . binds the partnership." 15 Pa. C.S.A. § 8431.

There are two problems with this argument. First, Plaintiffs did not adequately plead that OCF Holdings is a partner of OCF-Universal. Instead, the allegations in the complaint explain that OCF Holdings "*was to be* the general partner in OCF-Universal." (emphasis added). There are no allegations that OCF Holdings "is" a partner of OCF-Universal. Instead, Plaintiffs argue that, by operation of law, OCF Holdings is a partner of OCF-Universal because an entity that has not achieved limited partnership status is deemed a *de facto* general partnership under Pennsylvania law. *See Ruth v. Crane*, 392 F. Supp. 724, 733-34 (E.D. Pa. 1975).[4] However, the Complaint's sole allegation – that Plaintiffs "intended to partner with Universal" – does not establish that OCF Holdings is the *de facto* partner of OCF-Universal because, unlike the party in *Ruth*, Plaintiffs have not alleged any facts such as a contract between OCF Holdings and OCF-Universal to establish a limited or general partnership. Plaintiffs have not even alleged an intent to file a certificate of partnership with the Commonwealth. Second, even if such allegations were to be made, Pennsylvania's Uniform Partnership law does not permit actions by a partner on behalf of a partnership. "[T]he notion that a partner *qua* partner could be a third-party beneficiary of a contract entered into by the partnership seems antithetical to the very premise of partnership law: General partners surrender their rights (and capital) to the partnership, reserving only their right to act against other partners for breach of agreement in how the partnership is to

---

[4] Rule 17(a) permits suit by a party "authorized by statute." Plaintiffs argument, which relies on common law, does not cite any statute authorizing an action by a non-existent entity.

operate." *Bramlett v. Vertical Res., Inc.*, 95 F. App'x 395, 397 (3d Cir. 2003). As the court observed in *Bramlett*, Plaintiffs argument would mean that "any partner would be able to unilaterally maintain what is essentially a derivative action . . . [but] Pennsylvania law does not provide for such an action." *Id.* at 398.

Plaintiffs have requested leave to amend to add OCF-Universal as a party plaintiff. Federal Rule of Civil Procedure 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Therefore, Plaintiffs shall have leave to amend to add OCF-Universal, which would be the real party in interest if it exists as an entity, within 30 days of entry of this Order.[5]

A separate order follows.

**BY THE COURT:**

/S/Wendy Beetlestone, J.

_____

**WENDY BEETLESTONE, J.**

**January 9, 2018**

---

[5] Councilman Johnson's qualified immunity defense and the arguments that go to the merits of Plaintiffs' claims cannot be considered here because the Court lacks jurisdiction in the absence of standing. *See Lujan*, 504 U.S. at 561. "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).