# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OCF-UNIVERSAL, LP., <br>           Plaintiffs, <br><br> v. <br><br> KENYATTA JOHNSON, PHILADELPHIA LAND BANK AND CITY OF PHILADELPHIA, <br>           Defendants. | CIVIL ACTION <br><br><br><br> NO. 17-3134 |

## MEMORANDUM OPINION

OCF-Universal, which purports to be a real estate development partnership, has sued Philadelphia City Councilman Kenyatta Johnson for intentionally sabotaging its bid to purchase certain public lands from the Philadelphia Land Bank. Plaintiff alleges various constitutional claims under 42 U.S.C. § 1983 against Johnson, the City of Philadelphia, and the Land Bank, as well as a state law claim for tortious interference against Johnson in his individual capacity. All three defendants have moved to dismiss the claims against them. The motions shall be granted because Plaintiff lacks standing to sue.

I.     Facts

In September of 2016, the Philadelphia Land Bank issued a Request for Proposals ("RFP") which requested "competitive workforce housing proposals from developers to purchase and develop [certain] publicly owned properties (vacant lots), located in the Point Breeze neighborhood of Philadelphia."

On October 16, 2016, one OCF-Universal, LP ("OCF-Universal"), referred to in the Complaint as a "de facto general partnership," submitted a proposal responsive to the RFP. According to the Complaint, OCF Holdings, LLC ("OCF Holdings"), a company owned by Ori

Feibush, decided to partner with Universal Community Homes ("Universal") to form OCF-Universal to respond to the RFP. OCF-Universal was intended to be a special purpose entity, formed in order to submit the RFP response and, if awarded the RFP, to develop the property in accordance with that RFP. When OCF-Universal did not receive the RFP, its purpose evaporated, and it never filed its certificate of limited partnership with the Commonwealth of Pennsylvania.

According to the Amended Complaint, Plaintiff submitted the only proposal that met the criteria of the RFP. In fact, an employee with the entity tasked with reviewing the proposals allegedly told Feibush that OCF-Universal's proposal was the only proposal to meet all the RFP's requirements, and it was the "objectively superior" proposal response. OCF-Universal contends that it should have received the bid but did not. There is a history of bad blood between Johnson and Feibush detailed, in part, in this Court's decisions in *Feibush v. Johnson*, 203 F. Supp. 3d 489 (E.D. Pa. 2016) and *Bag of Holdings, LLC v. City of Philadelphia*, 2016 WL 852011 (E.D. Pa. 2016), *aff'd*, 682 F. App'x 94 (3d Cir. 2017). According to the Amended Complaint, Johnson's animosity to Feibush resulted in him deliberately and intentionally sabotaging the award of the RFP to OCF-Universal because of Feibush's involvement. Plaintiff further asserts that Johnson influenced the Land Bank reviewers' scoring of the bids based on a number of "inexplicable irregularities and inconsistencies" in the scoring sheets.

## II.     Procedural Posture

A dip into the procedural history of this case is necessary in order to understand the analysis that follows. In the first iteration of this lawsuit, Feibush and OCF Holdings were the named Plaintiffs. The complaint was dismissed on Defendant's motion because neither Feibush nor OCF Holdings had standing to sue in that neither had submitted a bid in response to the RFP

2

and a "non-bidder cannot assert claims based on the denial of another person's bid." *Feibush v. Johnson*, 2018 WL 347545, at \*2-4 (E.D. Pa. 2018) ("Article III standing requires Plaintiffs to bring an action for their own injury, and not someone else's.").

However, based on an uncontested footnote in Plaintiffs' brief in opposition to Defendants' Motion to Dismiss that requested leave to substitute OCF-Universal as party-plaintiff pursuant to Fed. R. Civ. P. 17(a)(3) the Court granted leave to amend to "add OCF-Universal . . . if it exists as an entity." *Id.* at \*6. The Amended Complaint substitutes OCF-Universal as the Plaintiff alleging that it is a partnership.

### III. Legal Standard

Defendants have moved to dismiss Plaintiff's claims under Rules 12(b)(1) and 12(b)(6). In this case, the standard of review is the same under either section of the Rule: the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing a motion to dismiss legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination is made whether those facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210-11 (3d Cir. 2009*).*

### IV. Discussion

The pertinent factual allegations in the Amended Complaint regarding the status of OCF-Universal as a partnership are that OCF Holdings and Universal "decided" to form a partnership for the purpose of responding to the RFP and, if awarded the RFP, to develop the properties; that OCF-Universal was "intended to be" a special purpose entity for those purposes; and that since

3

OCF-Universal was not the winning bidder, it never filed the appropriate paperwork with the Commonwealth of Pennsylvania to establish the partnership.

The Court has already determined that, standing alone, an allegation that OCF-Holdings "intended to partner with Universal" does not establish that they OCF-Universal is a *de facto* partnership. The inclusion in the Amended Complaint of an allegation that OCF-Holdings and Universal made a "decision" to form a partnership or allegations setting forth the purposes of the alleged partnership does not change that analysis. *Id.* at *3 ("Plaintiffs have not alleged any facts such as a [partnership] contract . . . [or] an intent to file a certificate of partnership with the Commonwealth.").

The Pennsylvania Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners of a business for profit." 15 Pa.C.S.A. § 8422(a). "In determining whether a partnership is created, the entire set of agreements between the parties must be considered, together with all of the attending circumstances." *Schuster v. Largman*, 162 A. 305, 307 (Pa. 1932). Thus, it is important to analyze both the agreement to form a partnership as well as the "attending circumstances" in order to establish the existence of a partnership under *Schuster*.

Preliminarily, a party must show an agreement which consists of "co-ownership of a business and the sharing of profits" or an intent to do so. *Kligman v. Advanced Polymer Sys., Inc.*, 2001 WL 1173998, at *6 (E.D. Pa. 2001). The agreement may be made in writing or it may be made orally. *See Leprino Foods Co. v. Gress Poultry, Inc.*, 379 F. Supp.2d 650, 655 (M.D. Pa. 2005). In *Kligman*, the court rejected the plaintiff's claim that a partnership existed merely because (1) the plaintiff owned stock options in the defendant's venture; and (2) the parties had discussed the "possibility of a cooperative business arrangement." *Id.* at *7. The court

4

concluded that there was no "competent evidence" of any "intention of entering into a partnership." *Id.* In this case, there are no allegations concerning an agreement to share profits or co-own a business. All of the allegations – that OCF-Universal "was intended to be" a partnership, that it was "to be called" OCF-Universal, or that the parties "decided to form" the entity – are in the subjunctive tense. They are about future action. However, the mere reference to the prospect of a future cooperative business arrangement", as is the case here, does not support the existence of a partnership. *Id.*

Neither does a review of the "attending circumstances," help Plaintiff with regard to whether OCF-Universal is a partnership – *de facto* or otherwise. *Leprino*, 379 F. Supp.2d at 655. Although "OCF-Universal" allegedly submitted the RFP, this is not the case where OCF Holdings and Universal carried on a business relationship, entered into a partnership contract, and had an intent to file a certificate of limited partnership – but simply failed to do so. *See Ruth v. Crane*, 392 F. Supp. 724, 733 (E.D. Pa. 1975). Neither is it a case where the Plaintiff has alleged, for example, "[a]n established pattern of profit and loss sharing" or that the partnership filed a tax return. *Leprino* Foods, 379 F. Supp.2d at 655. Nor has it alleged an oral agreement with respect to, for example, contribution of capital, sharing of profits, or the direction and management of the alleged partnership. *Mattei v. Masci*, 40 A.2d 265 (Pa. 1944). And, there are no allegations in the Amended Complaint from which it can be concluded that there was a "clear, mutual assent on the part of two or more persons[,]" to enter into the alleged partnership. *Id.* (quoting *In Re Jackson,* 28 B.R. 559, 562-63 (Bankr. E.D. Pa. 1983). In short, the facts, as alleged here, fail to aver the existence of OCF-Universal as a valid legal entity despite Plaintiff having been given an opportunity to amend the complaint to remedy that specific defect. Accordingly, Plaintiff's claims will be dismissed with prejudice.

A separate order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

_____
**WENDY BEETLESTONE, J.**

**April 5, 2018**